UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,

    Plaintiff,

  v.

RICHARD MORGAN, et al.,

    Defendants.

CASE NO. C16-5738 BHS-KLS

ORDER DENYING MOTION TO COMPEL

Plaintiff Robert Earle Johnson has filed a motion to compel. Dkt. 18. Specifically he asks that Defendant Forrest Mewes provide more complete answers to Interrogatories 3, 4, 8, and 10; Defendant Warner answer his interrogatories; and Defendant Richard Morgan be made to produce documents. *Id.*, p. 2.

According to counsel for defendants, Mr. Johnson has promulgated at least eleven sets of requests for production and admission, and interrogatories. Dkt. 21, Declaration of John C. Dittman. Counsel and Mr. Johnson spoke on January 10, 2017 regarding Mr. Johnson's concerns with some of defendants' discovery responses. *Id.* According to counsel, Mr. Johnson's primary concern related to the use of OC (pepper spray) by Defendant Mewes. Mr. Johnson alleges in his complaint that Defendant Mewes intentionally sprayed him with OC in retaliation. Defendants' discovery responses admitted that if this allegation is true, it would violate DOC policy regarding the use of OC. Dkt. 21, p. 2. Thus, Mr. Johnson's contention that

ORDER DENYING MOTION TO COMPEL-1

he requires additional information about the use of OC is unnecessary. Counsel and Mr. Johnson agreed that Mr. Johnson would send counsel a letter proposing stipulated facts necessary to his case to possibly avoid any contest over providing DOC's restrictive policy regarding the use of OC. Mr. Johnson agreed to do so and he also agreed he would not bring a motion to compel while the parties attempted to resolve this issue. *Id.*, p. 2.

Also according to counsel, Mr. Johnson has been informed that a supplemental answer was on its way to Mr. Johnson as to Defendant Mewes' past use or discipline regarding OC and that counsel was continuing his efforts to locate Secretary Warner. *Id.*, p. 2. Counsel also states that he and Mr. Johnson did not discuss any of the other issues raised in Mr. Johnson's motion to compel during this conversation and to counsel's knowledge, plaintiff has never sent requests for production to now former acting Secretary Richard Morgan. *Id.*

While a party may apply to the court for an order compelling discovery, Fed. R. Civ. P. 37 and LCR 37(a)(1) require the movant to first meet and confer with the party failing to make disclosure or discovery in an effort to resolve the dispute without court action. In addition, when filing a motion to compel, the movant must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *See* LCR 37(a)(1). Mr. Johnson did not include a certificate in his motion. This provides reason enough to deny his motion.

However, it does appear that the parties have discussed at least some of the concerns Mr. Johnson raises in his motion to compel and have agreed to a course of action. The parties should

ORDER DENYING MOTION TO COMPEL-2

continue to work together in good faith to resolve any remaining issues.  If they are unable to do so, Mr. Johnson may file a motion to compel at that time.  If he does, his motion should include a certification that he conferred or attempted to confer with defendants' counsel to resolve the specific issues raised in his motion.  Mr. Johnson should also include an explanation of why the defendants' discovery responses are not sufficient and how the information sought is relevant to his claims.

The Court also cautions the defendants to make certain that any objections to the discovery requests are well taken.  The Court does not consider the following terms or words to be confusing to the point that the interrogatory cannot be answered: "describe in as much detail as possible," "formulating," "implementing," "monitoring," "responsibilities," "isn't it correct," "contain, mention, construe or refer."  Definitions of these common words may be found in the dictionary and should not be required in the body of the interrogatory.  In addition, the Court notes that the defendant's response to Interrogatory No. 7, directed to Defendant Wagner, is incomprehensible.  The Interrogatory specifically requests the identification of certain documents in Mr. Wagner's possession.  The response - "[t]his interrogatory seeks information that is outside the personal knowledge of the defendant to which the interrogatory is directed" – makes no sense.  The request is for documents in his possession which certainly is something of which he has personal knowledge.

In light of the additional time provided to complete discovery, provided by separate order of this same date, and with the admonitions contained in this Order, and the concern that the meet and confer requirement was not accomplished as to all the issues raised by Mr. Johnson, the Court is denying Mr. Johnson's motion to compel without prejudice.  It is anticipated that the

ORDER DENYING MOTION TO COMPEL-3

parties will confer further in a good faith attempt to resolve any remaining issues without further Court intervention.

Accordingly, it is **ORDERED:**

(1) Plaintiff's motion to compel (Dkt. 18) is **DENIED without prejudice.**

(2) The Clerk of Court is directed to send a copy of this Order to plaintiff and to counsel for defendants.

Dated this 15th day of February, 2017.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION TO COMPEL-4