UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON

        Plaintiff,

v.

RICHARD MORGAN et al.,

        Defendants.

CASE NO. 3:16-cv-05738-BHS/TLF

ORDER SETTING TELEPHONIC STATUS CONFERENCE

    This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding with this action *pro se* and *in forma pauperis*.

    On July 5, 2017, Plaintiff filed a motion to compel disclosure and discovery, seeking to compel Defendants Mewes, Morgan, Hammond, and Warner to answer Plaintiff's first set of interrogatories. Dkt. 44. Plaintiff also requested that Defendant Hammond answer his first and second requests for admissions. Dkt. 44. On July 12, 2017, Plaintiff filed a supplemental motion to his motion to compel disclosure and discovery, as well as a motion for extension of time to

complete discovery. Dkt. 46-47.

Two days later, on July 14, 2017, Defendants filed a response to Plaintiff's motion. Dkt. 48. Defendant Mewes stated his belief that Plaintiff's request for further information about the policy regarding use of OC (pepper spray) is unnecessary, because he has stipulated that intentionally spraying an inmate with OC would be a violation of DOC policy. Dkt. 48. Defendant Morgan stated that he believes he has satisfactorily answered Plaintiff's interrogatories, and that anything he has not covered can be answered by Defendant Hammond. Dkt. 48. Defendant Hammond also stated his belief that he has answered Plaintiff's interrogatories and admissions to the extent appropriate, and that Interrogatories Nos. 5, 7, 8, 10 do not need to be answered. Dkt. 48. Finally, Defendant Warner stated that he adopted Defendant Morgan's argument that he has satisfactorily and appropriately answered Plaintiff's interrogatories. Dkt. 48.

Defendants also filed a declaration of counsel on July 14, 2017, asserting that counsel had multiple conversations with Plaintiff but has not been able to discern what exactly Plaintiff wants clarified and answered in his interrogatories. Dkt 49. However, on July 16, 2017, Plaintiff filed a motion for an order sanctioning Defendants' counsel for willful and intentional failure of disclosure, as well as a declaration stating that Defendants' counsel promised to produce certain documents and answer interrogatories but did not fulfill that promise. Dkt. 50-51.

Defendants responded to the supplemental motion to the motion to compel discovery and disclosure, the motion for sanctions, and the motion for extension of time to complete discovery on July 20, 2017. Dkt. 52, 54, 56. Defendants claim that they have complied with Plaintiff's requests, and that Plaintiff's specificity in his motions to compel discovery suggest that he has

already seen requested documents. Dkt. 52-53, 55. In sum, Defendants oppose Plaintiff's motion for sanctions, but do not oppose Plaintiff's motion for extension of time.

In light of Plaintiff's outstanding motions and the discovery disputes that remain between the parties, the Court orders that the parties shall be available for a telephonic status conference on August 10, 2017, at 9:30 am. If this date does not work for a party, then by August 8, 2017, the parties must confer and propose an alternate date and notify the Court by contacting the undersigned's judicial assistant, Traci Whiteley, at traci_whiteley@wawd.uscourts.gov or via phone at (253) 882-3827.

To attend the status conference, each party shall call the Court's conference line at: 1-253-882-3896, and when prompted, enter access code 123456. Once this number is entered, the party will be connected.

Defendants must contact the appropriate authorities at the Coyote Ridge Corrections Center to ensure that Plaintiff receives timely notice of the telephonic status conference and that Plaintiff has proper access to a telephone. Defendants must file a status report by August 8, 2017, and state with specificity the arrangements that have been made to notify Plaintiff of this telephonic status conference and how Plaintiff will participate via telephone.

The parties should be prepared to discuss the status of any outstanding discovery issues. If either party fails to appear at the telephonic status conference, the Court will consider Plaintiff's motions to compel discovery, motion for extension of time to complete discovery, and motion for sanctions (Dkt. 44, 46, 47, and 50) based on the record before the Court. If either party wishes the Court to consider any additional written submissions before the scheduled status conference, such materials should be delivered to the court and opposing counsel at least 24 hours before the scheduled conference. No additional materials need be submitted.

1    The Clerk shall send a copy of this Order to plaintiffs and to counsel for defendants.

2    Dated this 3rd day of August, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge