UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT EARLE JOHNSON,<br><br>                    Plaintiff,<br><br>    v.<br><br>RICHARD MORGAN, et al.,<br><br>                    Defendants. | Case No. 3:16-cv-05738-BHS/TLF<br><br>ORDER GRANTING IN PART AND DENYING IN PART DKT. 68 MOTION TO HOLD SUMMARY JUDGMENT PROCEEDINGS IN ABEYANCE |

This matter comes before the Court on plaintiff's motion to delay summary judgment proceedings until the Court enters a new scheduling order and written orders on plaintiff's motions to compel. Dkt. 68. The Court grants an extension of time so that Mr. Johnson will not be required to submit a response to the summary judgment motion (Dkt. 72) until Judge Settle has ruled on the plaintiff's objections (Dkt. 69) to the Court's Order of October 23, 2017 (Dkt. 67).

In the Motion to Hold Summary Judgment in Abeyance, plaintiff also asks the Court to enter written orders on his motions to compel answers from defendant Morgan to interrogatories 5, 6, 7, 8, 18, and 21; answers from defendant Hammond to interrogatories 6, 7, 12, and 14; responses from defendant Hammond to first set of request for admissions 4 and second set 3 and 13; and answers from defendant Warner to supplemental interrogatories 3, 4, 5, 7, 8, 9, 10, and 13. *See* Dkt. 44.

ORDER GRANTING IN PART AND DENYING IN PART
DKT. 68 MOTION TO HOLD SUMMARY JUDGMENT
PROCEEDINGS IN ABEYANCE - 1

The undersigned ruled orally on these motions to compel, at telephonic conferences on August 24, 2017, and September 7, 2017. The Court denied plaintiff's motions with respect to each discovery item listed above.

The minute orders from August 24, 2017, state:

> The verbal ruling of the Court is: that plaintiffs First Set of Requests for Admission (RFA) #4, and Second Set of Requests for Admission (RFA) #3 and #13, as to defendant Hammond, have been sufficiently responded to by the defense. The Court declines to enter an order compelling any further response from the defense as to those three Requests for Admission.

Dkt. 59.

The minute orders from September 7, 2017, state: "After hearing from the parties, and for reasons stated on the record, the Court DENIED Plaintiff's [Dkt.] 44 MOTION to Compel Disclosure and Discovery." Dkt. 60. Plaintiff's motions to compel at Dkt. 44 included the discovery items that plaintiff now seeks written orders on.

The Court has broad discretion to manage discovery-related matters. *Blackburn v. U.S.*, 100 F.3d 1426, 1436 (9th Cir. 1996); *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). This includes deciding whether to rule orally or enter written orders on motions to compel discovery: Fed. R. Civ. P. 72(a) requires a magistrate judge to "promptly conduct the required proceedings" when hearing a non-dispositive matter in a civil case, and "*when appropriate*, issue a written order stating the decision" (emphasis added). The undersigned concluded that in the interest of a "just, speedy, and inexpensive determination," oral rulings were more appropriate on plaintiff's motion to compel responses on numerous discovery items. Fed. R. Civ. P. 1.

1         The undersigned explained the Court's reasoning in denying plaintiff's motions to compel at the two telephonic conferences. Plaintiff cites no authority that would require this Court to enter written orders on those motions.

        Plaintiff also asks the Court to delay summary judgment proceedings until it issues a new pretrial scheduling order.

        The Court is not required to enter written scheduling orders in this type of case. Local Civil Rule 16(b)(6); Fed. R. Civ. P. 26(a)(1)(B)(iv). Nonetheless, Magistrate Judge Strombom entered a written scheduling order on October 31, 2016. Dkt. 16. The Court subsequently extended the deadlines set in that order, most recently at the telephonic conference on September 7, 2017. The minute orders from that conference, Dkt. 60, state: "The following deadlines have been extended: Discovery to be completed by 10/11/2017, Dispositive motions due by 11/13/2017."

        Plaintiff asserts that this minute entry "is confusing, and does not provide the necessary information setting deadlines for Plaintiff and opposing counsel." Dkt. 68. The undersigned finds the minute entry's language to be clear and unambiguous.

        Accordingly, the plaintiff's motion (Dkt. 68) is **GRANTED IN PART** only for an extension of time for plaintiff to respond to the defendants' Motion for Summary Judgment (Dkt. 72). The plaintiff shall have an extension of time to **January 8, 2018** in which to respond to the defendants' summary judgment motion. In all other respects, the plaintiff's motion is **DENIED**. The Clerk is directed to re-note the motion for summary judgment to January 12, 2018. The Clerk shall send a copy of this Order to the plaintiff.

ORDER GRANTING IN PART AND DENYING IN PART
DKT. 68 MOTION TO HOLD SUMMARY JUDGMENT
PROCEEDINGS IN ABEYANCE - 3

Dated this 20th day of November, 2017.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING IN PART AND DENYING IN PART
DKT. 68 MOTION TO HOLD SUMMARY JUDGMENT
PROCEEDINGS IN ABEYANCE - 4