UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT EARLE JOHNSON,<br><br>                Plaintiff,<br><br>  v.<br><br>RICHARD MORGAN, et al.,<br><br>                Defendants. | CASE NO. C16-5738 BHS-TLF<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on the order by the Honorable Theresa L. Fricke, United States Magistrate Judge, denying plaintiff's motion to compel discovery (Dkt. 67), and Plaintiff's objections to the order (Dkt. 69).

On September 18, 2017, Plaintiff moved to compel a more thorough response from Defendants in regards to his propounded interrogatories, including the disclosure of prison policies governing the use of pepper spray. Dkt. 61. The issue had been raised before and brought to the attention of Defendants in a previous motion to compel. Dkt. 18. On October 13, 2017, Judge Fricke entered her order denying Plaintiff's motion to compel discovery of "every policy, procedure, and practice that governs the use of [pepper spray] at [the Washington State Department of Corrections ("WDOC") or the

Coyote Ridge Corrections Center ("CRCC")]." Dkt. 67. On October 30, 2017, Plaintiff objected. Dkt. 69. Unfortunately, the Court failed to properly note Plaintiff's objections on its calendar. As a result, Plaintiff's objections have sat idly until Judge Fricke's chambers brought them to the Court's attention on May 31, 2018.

As a nondispositive matter, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Parties are allowed discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

The Court determines that Judge Fricke's order denying the motion to compel must be modified in part. Plaintiff's claim is predicated on allegations that "Sgt. Forrest Mewes deliberately/arbitrarily sprayed [him] in both eyes with pepper spray." Dkt. 5 at 15. The Court finds that the requested evidence is relevant and Defendants have failed to request a protective order based on an applicable privilege or some equitable concern. If Plaintiff is to prove that the use of pepper spray was arbitrary, deliberate, and retaliatory, it would be relevant to show that any policies regarding the types of circumstances when the use of pepper spray is authorized were not implicated by the circumstances of Plaintiff's encounter with Sergeant Mewes. If Plaintiff can show that there are no policies that expressly authorized the level of force used against him under the circumstances of the subject confrontation, this would be probative of whether the use of force was arbitrary or retaliatory. While Defendants have stipulated that a retaliatory use of pepper spray would violate DOC policy, that stipulation does not negate that proving a

retaliatory motive will likely require Plaintiff to somehow attempt to eliminate possible inferences that the circumstances of the confrontation justified the use of pepper spray. Because the requested information was relevant, and absent some other unasserted privilege, Plaintiff's motion to compel the disclosure of all WDOC and CRCC policies regarding the use of pepper spray as requested in his interrogatory number three must be **GRANTED**.

Otherwise, Plaintiff has failed to show that he is entitled to relief on his motion to compel in regards to his interrogatory number four or his claims regarding edited video surveillance. Plaintiff failed to meet and confer before bringing his motion regarding his concerns of purportedly "doctored" video evidence and his motion regarding such evidence was therefore properly denied. More importantly, however, Plaintiff has failed to establish that the video evidence he refers to likely exists. Also, unlike Plaintiff's request for the applicable policies governing Sergeant Mewes's use of force, Plaintiff has failed to show that the identity of persons requested in his interrogatory number four are in any way relevant to his claims against Sergeant Mewes. Notably, Plaintiff's objections do not actually address his request for the identity of personnel responsible for implementing and monitoring compliance with the requested policies, as described in interrogatory number four, and therefore no objection on the matter has been properly raised.

The Court understands that granting the requested discovery into applicable prison policies governing the use of pepper spray may require that consideration of Defendants' summary judgment motion be deferred, at least in part. Judge Fricke may exercise her

discretion to best handle the scheduling of the pending summary judgment proceedings in light of this order, including the timeline for disclosure of the requested discovery.

**IT IS SO ORDERED**.

Dated this 4th day of June, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge