UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,

    Plaintiff,

v.

RICHARD MORGAN, et al.,

    Defendants.

CASE NO. 3:16-cv-05738-BHS-TLF

ORDER DIRECTING SUPPLEMENTAL BRIEFING

The undersigned entered a Report and Recommendation on defendants' motion for summary judgment, Dkt. 72, on June 6, 2018. Dkt. 95. The Court adopted the R&R on August 27, 2018. Dkt. 105. It granted defendants' motion for summary judgment as to plaintiff's claims that he received inadequate medical care under the Eighth Amendment. It dismissed defendants Hammond, Morgan, Reidy, and Warner. Dkt. 105, pp. 2-3.

The Court denied defendants' motion to dismiss with respect to plaintiff's claims of excessive force and retaliation against defendant Mewes, and it referred the matter back to the undersigned magistrate judge for further proceedings. Dkt. 105, p. 3. The Court stated: "Regarding the merits of Johnson's [excessive force] claim and whether Mewes is entitled to qualified immunity, Judge Fricke should decide these issues first based on a fully briefed motion." Dkt. 105, p. 2.

ORDER - 1

On September 11, 2018, the Court granted defendants' motion for reconsideration of a prior discovery order. Dkt. 109 (granting Motion for Reconsideration, Dkt. 96 of Order Granting Plaintiff's Motion to Compel, Dkt. 94). This order describes the conditions for plaintiff to review the DOC's policy regarding the use of pepper spray. It directs the parties to "meet and confer regarding the filing of a modified model protective order." Dkt. 109, p. 2.

Plaintiff has filed a notice that he is appealing the Court's order adopting the R&R, Dkt. 105, to the Ninth Circuit Court of Appeals. Dkt. 106, 107 (corrected version filed September 5, 2018). Once a notice of appeal is filed from a final judgment, the district court is divested of jurisdiction. *Laurino v. Syringa General Hosp.*, 279 F.3d 750, 755 (9th Cir. 2002); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58- 59 (1982). However, when a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007). Here, although the Court indicated it would grant summary judgment for defendants as to some of plaintiff's claims, no final judgment has issued. Therefore, this Court still has jurisdiction and may proceed with respect to plaintiff's remaining claims. *See id.*; Fed. R. Civ. P. 54(b).

Accordingly, it is **ORDERED**:

(1) The discovery deadline (previously July 17, 2017, Dkt. 40) is extended to **October 19, 2018**. Following the Court's order at Dkt. 109, the parties shall meet and confer as soon as possible so that plaintiff may fully review the DOC policy before the deadline.

(2) Following the Court's order at Dkt. 105, defendant shall submit a supplemental brief on issues of retaliation, excessive force, and qualified immunity by **November 16, 2018**.

(3) Plaintiff shall submit a response brief by **December 14, 2018**.

(4) No reply brief shall be permitted without leave of the Court.

Dated this 17th day of September, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER - 3