UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,

        Plaintiff,

   v.

RICHARD MORGAN, et al.,

        Defendants.

CASE NO. 3:16-cv-05738-BHS-TLF

REPORT AND RECOMMENDATION

**Noted: January 18, 2019**

Plaintiff Robert Earle Johnson is litigating one remaining § 1983 claim in this matter, alleging excessive force by defendant Forrest Mewes, a Department of Corrections employee. Dkt. 5 (complaint), 110 (order directing supplemental briefing). Plaintiff's other claims were dismissed when the Court adopted the undersigned magistrate judge's report and recommendation (R&R) on defendants' previous summary judgment motion. *See* Dkt. 95 (R&R), 105 (order adopting R&R).

Plaintiff filed an appeal of the Court's order adopting the R&R with the Ninth Circuit Court of Appeals. Dkt. 106, 107. On October 19, 2018, the Ninth Circuit dismissed that appeal, finding that:

> A review of the record demonstrates that this court lacks jurisdiction over this appeal because the order challenged in the appeal is not final or appealable. *See* Fed. R. Civ. P. 54(b); *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (order is not appealable unless it disposes of all claims as to all parties or

ORDER - 1

judgment is entered in compliance with rule). Consequently, this appeal is dismissed for lack of jurisdiction.

Dkt. 115.

On October 31, 2018, plaintiff filed a motion for leave to proceed in forma pauperis in his appeal. Dkt. 116. The Court should deny this motion for two reasons:

First, it is unnecessary. Rule 24 of the Federal Rules of Appellate Procedure governs plaintiff's motion:

> a party who has been permitted to proceed in an action in the district court in forma pauperis . . . may proceed on appeal in forma pauperis without further authorization unless . . . the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed . . .

Fed. R. App. 24. Plaintiff has been permitted to proceed in forma pauperis in this Court, and this Court has not certified that plaintiff's appeal is not taken in good faith or otherwise found that plaintiff is not entitled to proceed on appeal in forma pauperis.

Second, the issue is moot in this case, because the Ninth Circuit dismissed the appeal before plaintiff filed his motion for IFP status. Dkt. 115.

Plaintiff appears to request other relief from this Court that relates to the scope of his possible future appeal. Dkt. 116, p. 1. To the extent that plaintiff asks this Court to "recall the Ninth Circuit's dismissal for lack of jurisdiction" or permit plaintiff "to file another appeal pending the resolution of the excessive force claim consolidated with his medical claims," the Court should deny these requests, as this Court lacks jurisdiction to review the appellate court's action in dismissing plaintiff's appeal.

Accordingly, the Court should DENY the motion to proceed on appeal in forma pauperis, Dkt. 116.

ORDER - 2

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
3 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
4 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
5 of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
6 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
7 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 18,**
8 **2019**, as noted in the caption.

9    Dated this 2nd day of January, 2019.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

ORDER - 3