Robert E. Johnson, #126696
Coyote Ridge Correctiion Center
1301 N. Ephrate Ave.
P.O. Box 769
Connell, WA 99326

DISTRICT JUDGE BENJAMIN H. SETTLE
MAGISTRATE JUDGE THERESA L. FRICKE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,
                    Plaintiff,

                    v.

RICHARD MORGAN, et al.,
                    Defendants.

NO. C16-05738 BHS-TLF

PLAINTIFF'S MOTION FOR JUDICIAL
RELIEF FOR BREACH OF SETTLEMENT
AGREEMENT AND SANCTIONS

## I. IDENTITY OF MOVING PARTY

Plaintiff, Robert E. Johnson, pro se, respectfully asks this Honorable Court for relief designated in Part II.

## II. STATEMENT OF RELIEF SOUGHT

1. Plaintiff ("Mr. Johnson") respectfully requests the Court to terminate the Defendants' motions: STIPULATION AND ORDER FOR DISMISSAL" **Dkt. #157,** and "RELEASE AND SETTLEMENT AGREEMENT" **Exhibit #1 & Dkt. #157.**

2. In the alternative, Mr. Johnson requests the Court to terminate the settlement agreement if Defendants fail to deposit the agreed Ten Thousand Dollars ($10,000.00) into his Trust Account with the additional $250.00 Sanctions under the Court's inherent power for each day Defendants exceeded the 30 day agreement to pay Mr. Johnson within 30 days of July 18, 2019. The $250.00 is sanctions on the basis that Defendants breach of settlement agreement made on **July 18, 2019.**

3. If Defendants fail to comply with Mr. Johnson's request set forth in paragraph #2 the Court shall issue an order finding the Stipulation and Order For Dismissal and Release and Settlement Agreement

void and reinstate its Order Adopting the Report and Recommendations.
**Dkt. #154.** It is further requested that the Court order the Defendants
to pay the filing fees of this Case, Number 3:16-cv-05738-BHS-TLF. It is
also requested that the Court allow Mr. Johnson 10 days to file his
Notice of Appeal on his medical issues after restating its Order **Dkt.
#154.**

## III. FACTS RELEVANT TO MOTION

On July 18, 2019, Thursday morning at 10:00 a.m., Assistant
Attorney General John C. Dittman called Mr. Johnson's counselor, Mr.
Westphal, for a conference to confer with Mr. Johnson to prepare a joint
status report and a pretrial schedule.

Mr. Dittman immediately wanted to talk negotiating a settlement
rather than a status report. He rejected the $20,000.00 Mr. Johnson
offered on July 5, 2019. **Exhibit #2.** But offered package deal of
$10,000.00 if Mr. Johnson dose not appeal the two issues which the Court
had already granted Defendants summary judgment.

In good faith Mr. Johnson accepted the $10,000.00 offer with the
stipulations of being paid the $10,000.00 within 30 days of the July 18,
2019, agreement. Mr. Dittman agreed. Mr. Johnson's counselor witnessed
the negotiation.

Mr. Dittman promised Mr. Johnson that he would expedite the
procedure to pay him within the 30 days of the agreement. Mr. Johnson
clearly stated that it is a deal if he will be paid in 30 days. They
agreed.

Also on July 18, 2019, Thursday afternoon, at 2:30 p.m., Mr.
Johnson's counselor called him to this office and presented him with two
documents: "Release AND Settlement Agreement", and "Stipulation AND
Order For Dismissal" **Dkt. #157.** Which Mr. Dittman immediately fax for
Mr. Johnson's signature after their oral agreement.

Six day later, on July 24, 2019, rather than submitting the Court
with the "Stipulation and Order For Dismissal, Mr. Dittman filed a
notice that the stipulation order for dismissal would be filed. **Dkt.
#155.**

Three weeks after Mr. Dittman filed the notice, on August 14, 2019,
he filed the "Stipulation and Order For Dismissal" **Dkt. #156.** Also on
August 14, 2019, the Honorable Judge Benjamin H. Settle signed the order
for dismissal 15 days ago.

-2-

## IV. LEGAL ARGUMENT

As a pro se litigant, Mr. Johnson was tricked into accepting and signing a settlement agreement contract. Defendants entered into an oral binding and enforceable contract with Mr. Johnson to pay $10,000.00 within 30 days of their oral agreement and to expedite the payment. The Defendants have intentionally and deliberately delayed paying Mr. Johnson within the agreed 30 days. The Defendants have breached this settlement agreement as a matter of law by failing to satisfy their obligations and oral agreement to deposit $10,000.00 into Mr. Johnson's trust account by **August 18, 2019.**

The agreement was reached between Mr. Dittman and Mr. Johnson, but the written agreement did not attempt to list every term of the their oral agreement. Declaration of Robert E. Johnson. **Exhibit #3.** Mr. Dittman did not even attempted to submit the "Stipulation and Order For Dismissal" in a timely matter so the Court could take action to promote finality so Mr. Johnson could be paid within 30 days. Now that the Court has approved the order, Defendants refuse to pay Mr. Johnson even after the 30 days have long passed.

When parties intended into an agreement it is binding, and the fact that a more formal agreement must be prepared and executed does not alter the validity of the the oral agreement. Therefore, an oral settlement agreement is a binding agreement. Doi v. Halekulani Corp., 276 F.3d 1131, 1136 (9th Cir. 2002). As the Ninth Circuit explained: "An agreement does not have to be in writing to be binding. An oral agreement is binding. Id. 279 F.3d at 1136. This Court should compel Defendants to pay Mr. Johnson the $10,000.00, and impose sanctions of $250.00 per day effective of August 18, 2019. The $250.00 per day in sanctions will continue until the full amount is paid. The settlement agreement is a contract and therefore, is evaluated under Washington law governing contract interpretation. Condon v. Condon, 177 Wn.2d 150 (2012).

## V. SANCTIONS

The Sanction is pertaining to Defendants in a lawsuit brought by Mr. Johnson and an oral settlement agreement reached by Mr. Dittman to pay $10,000.00 to Mr. Johnson within 30 days of the oral agreement. The Defendants entered the agreement in bad faith, or intended to ignore Mr.

Johnson's stipulations, and to cause Mr. Johnson unnecessary litigation by purposefully not submitting the "Stipulation And Order For Dismissal" until August 14, 2019, so that Mr. Johnson would not be paid within the 30 days of the settlement agreement. Defendants would have Mr. Johnson waiting for months if not years to be paid the $10,000.00, or to pay him at all because of Mr. Johnson's pro se status and his limitations to compel.

## Evidence Relied Upon.

This Court has had to compel Mr. Dittman several times to produce discovery and documents he claimed did not exist. This motion is supported by Declaration of Robert E. Johnson, copies of the documents sent to Mr. Johnson the same day of the oral settlement agreement, Mr. Johnson's counselor, the refusal of Mr. Dittman to timely and properly submit the Stipulation and Order For Dismissal" so that Mr. Johnson would be paid the settlement within the agreed 30 days.

### ARGUMENT

## Defendants Willful Conduct Warrant Sanctions.

This Court may order sanctions against a party for breach of contract for failure to fulfill an oral settlement agreement under Rule 11. First, there were the circumstances of the excessive force discovery issues where defendants fabricated, destroyed evidence, attempted to mislead this Court, and now here are a breach of settlement agreement. The Defendants' conduct is egregious and warrant serious sanctions because Defendants' continue to take unfair advantage of a pro se litigant and entered into an agreement in bad faith as the losing party in summary judgment. The Defendants' conduct constitute willfulness or bad faith in failing to file the stipulation order for dismissal as soon 'or as reasonably as it was returned to Mr. Dittman with Mr. Johnson's signature on July 18, 2019.

Here, there is substantial evidence of willfulness or bad faith and taking unfair advantage of Mr. Johnson, the Court should award Mr. Johnson in amount of $250.00 per day for every day that exceeds August 18, 2019. When a party breaches an oral or written contract of a settlement agreement, sanctions are appropriate.

The Defendants had it solely within their power to avoid the need for this motion. They chose to intentionally not to paid Mr. Johnson the

agreed $10,000.00 within 30 days. Short of the Court sanctioning $250.00 per day for every day exceeds **August 18, 2019,** sanctions will have no meaningful deterrent effect on Mr. Dittman's gamesmanship.

## VI. CONCLUSION

For the foregoing reasons and Defendants taking unfair advantage of a pro se litigant and breach of settlement greement, this Court should compel Defendants to pay the $10,000.00 coupled with sanctioning Defendants $250.00 for every day exceeds August 18, 2019, or terminate the Stipulation and Order For Dismissal and reinstate its Order Adopting the Report and Recommendations, Defendants shall pay filing fees for this current case, **Exhibit #4,** and allow Mr. Johnson to file a Notice of Appeal.

RESPECTFULLY SUBMITTED this $\partial \mathcal{G}^{th}$ day of August 2019.

Robert E. Johnson, #126696
Coyote Ridge Correction Center
P.O. Box 769
Connell, WA 99326

-5-

# EXHIBIT - 1

EXHIBIT - 1

1

2

3

4

5

6

7

8

9

10
          DISTRICT JUDGE BENJAMIN H. SETTLE
          MAGISTRATE JUDGE THERESA L. FRICKE

11
      **UNITED STATES DISTRICT COURT**

12
     **WESTERN DISTRICT OF WASHINGTON**
          **AT TACOMA**

13
ROBERT EARLE JOHNSON,      NO. 3:16-cv-05738-BHS-KLS

14

         Plaintiff,   RELEASE AND SETTLEMENT

15
               AGREEMENT

16
v.

17
RICHARD MORGAN, et al.,

18
         Defendants.

19    This is a Release and Settlement Agreement for the above-referenced action. Based upon

20 consideration and mutual promises, the Plaintiff, ROBERT EARLE JOHNSON, appearing *pro*

21 *se*, and the Defendants, by and through their attorneys, ROBERT W. FERGUSON, Attorney

22 General, and JOHN C. DITTMAN, Assistant Attorneys General, agree to the following:

23    1.  In consideration of the following provisions of the Release and Settlement

24 Agreement, Plaintiff ROBERT EARLE JOHNSON, DOC #126696, his heirs, assigns or other

25 successors in interest, do hereby release and forever discharge the State of Washington, its

26 officers, agents, employees and agencies and departments for any and all existing claims,

RELEASE AND SETTLEMENT
AGREEMENT
NO. 3:16-cv-05738-BHS-KLS

1

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1  damages and causes of action of any nature arising out of the claims as described in Plaintiff's
2  Complaint in this action which are the source of his claims against the Defendants, including but
3  not limited, to failure to provide him with an MRI on his knee, cataract treatment, and use of
4  force. This release is not intended to release any future potential claim arising out of any current
5  medical treatment.

6      2.      This Agreement is the final, conclusive, and complete release of liability for all
7  known, as well as all unknown claims for recovery of any sort arising out of the claims set forth
8  in Plaintiff's Complaint.

9      3.      This Agreement shall be effective when signed by all parties and/or their legal
10 representatives.

11     4.      The Defendants shall pay to ROBERT EARLE JOHNSON, DOC #126696, the
12 sum of TEN THOUSAND DOLLARS and zero cents ($10,000.00) as full and complete
13 settlement of this matter. This settlement sum includes costs, penalties, and any attorney fees.
14 Payment shall be made to ROBERT EARLE JOHNSON, DOC #126696, and the net funds will
15 be deposited into the Plaintiff's inmate trust account and will be subject to appropriate decutions.

16     5.      The parties agree this Release and Settlement Agreement is not an admission of
17 liability or that any claim or defense advanced by any party lacks merit.

18     6.      This Agreement is the final written expression of all the terms of this Agreement
19 and is a complete and exclusive statement of these terms.

20     7.      The parties agree that neither party is to be considered a prevailing party in this
21 action for any purpose, including, but not limited to, attorney fees.

22     8.      The parties jointly agree that dismissal with prejudice of this action is an
23 appropriate resolution in consideration for payment of the sum of TEN THOUSAND DOLLARS
24 and zero cents ($10,000.00) and the other consideration provided for in this Agreement. The
25 parties also agree to sign and file a stipulated motion for the entry of an order dismissing this
26 action with prejudice.

RELEASE AND SETTLEMENT
AGREEMENT
NO. 3:16-cv-05738-BHS-KLS

2

ATTORNEY GENERAL OF WASHINGTON
Corrections Division
1116 West Riverside Avenue, Suite 100
Spokane, WA 99201-1106
(509) 456-3123

1    9.    Plaintiff, ROBERT EARLE JOHNSON, DOC #126696, agrees and covenants

2  not to sue the State of Washington or its agencies, employees, and officials over the claims

3  concluded by this settlement agreement.

4    10.    The undersigned parties declare that the terms of this Release and Settlement

5  Agreement are completely read, wholly understood and voluntarily accepted for the purpose of

6  making a full and final compromise, adjustment and settlement of any and all claims brought by

7  Plaintiff in this action against Defendants.

8

9

10  ROBERT EARLE JOHNSON, DOC #126696          July 18, 2019
                                                        DATE
11  Plaintiff

12

13

14  KATHY GASTREICH                            DATE
    Risk Manager
15  Department of Corrections

16

17

18  JOHN C. DITTMAN, WSBA #32094               DATE
    Assistant Attorney General
19  Attorney for Defendants

20

21

22

23

24

25

26

RELEASE AND SETTLEMENT          3          ATTORNEY GENERAL OF WASHINGTON
AGREEMENT                                           Corrections Division
NO. 3:16-cv-05738-BHS-KLS                    1116 West Riverside Avenue, Suite 100
                                                  Spokane, WA 99201-1106
                                                     (509) 456-3123

# EXHIBIT - 2

EXHIBIT - 2

Robert E. Johnson, #126696
Coyote Ridge Correction Center
P.O. Box 769-IB-13-1
Connell, WA 99326

July 5, 2019

John C. Dittman
Assistance Attorney General
1116 West Riverside Ave., Suite 100
Spokane, WA 99201-1106

RE:  Johnson v. Morgan, et al.,
     Case No. 3:16-cv-05738-BHS-TLF

Dear Mr. Dittman:

I made you a reasonable settlement offer in August 2018, which you
rejected. The August 2018 offer was prior to the Magistrate's report and
recommendation denying defendant Mewes's summary judgment. I just
completed reading your objections for the first time yesterday. I am
therefore, making you another offer of $20,000 before the judge adopts
the report and recommendation.

Mr. Dittman, I don't know whether you or one of your assistants prepared
the objections to the report and recommendation. In any event, I would
suggest you read it, and then consider the presented facts or lack
thereof, DOC excessive force policy 410.200, Model Civil Jury
Instructions, 9th Cir. 9.2 (2018), coupled with Mewes's actions and
statements he made that the prisoners were not fighting at the time he
sprayed me in the face with pepper spray. Also Boot's declaration, my
grievance, testimony, declaration, and CRCC's reports. The bystander's
theory is not an issue in this case. Judges read facts, they don't
create them.

Before you consider rejecting my offer, I would recommend you read the
Magistrate's report and recommendation Dkt. No. 149, pp. 10, lines 12-
22. As the Magistrate observes: "defendant avoids the issue before the
Court at summary judgment-", at 15-18.

Mr. Dittman, I am a diabetic, and when my blood sugar is too high, I
misinterpret what I read and miss the point in my analysis.
Nevertheless, I didn't find anywhere you objected to the Magistrate's
disputed facts, case law, analysis or conclusion. Am I wrong? I don't
believe you objected to any point in the Magistrate's report and
recommendation.

I thank you in advance for your kind treatment, time and consideration
of my reasonable offer. I await for your response before the Court's
Adoption.

Very truly yours,
ROBERT E. JOHNSON

cc:  files

# EXHIBIT - 3

EXHIBIT - 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT EARLE JOHNSON,
            Plaintiff,

v.


RICHARD MORGAN, et al.,
            Defendants.

NO. C16-05738 BHS-TLF

DECLARATION OF ROBERT EARLE
JOHNSON IN SUPPORT OF
MOTION FOR BREACH SETTLEMENT
AGREEMENT AND SANCTIONS

I, Robert E. Johnson, being of sound mind and aware of the
penalties of perjury, hereby declare that if I were called as a witness
I would testify as follows:

1.1 On July 18, 2019, the Assistant Attorney General John C.
Dittman and I engaged in a negotiation to settle an excessive force
claim. Mr. Dittman wasn't happy with the Court's ruling.

1.2 Mr. Dittman and I negotiated for more than 30 minutes. I explained
to him that I wanted to take my case to trial. He told me he was
prepared to pay me $10,000.00. When I agreed, he then said it was
package offer, that I could not appeal my medical claims.

1.4 First, I rejected the idea of not pursuing my medical claim
because as I explained to him that "I'm in pain as we talk". Mr. Dittman
advised me that I could still pursue the my medical issues of everything
that happened after Dr. Hammond retried.

1.5 While I was considering the offer, he called CRCC's Banking to
find out how much filing fee I would have to pay out of the $10,000.00.
He said that I would have to pay filing of $976.25. I agreed but I
didn't know he was including my current case which I had just prevailed.

1.6 Considering an opportunity to support two of my grandchildren
in their school shopping I accepted the $10,000.00 offer with the
stipulations that I would be paid within 30 days of accepting the
settlement agreement. I counselor witnessed the agreement.

1.7 If I had any idea that Mr. Dittman wasn't going to honor our
agreement to pay me within 30 days I would not have entered into the
agreement, and I would not have told my 11 year old granddaughter and 14
year old grandson that I was going to send them money for their school
supplies and school clothes.

I declare under penalty of perjury the forgoing is true and
correct.

EXECUTED this 29th day of August, 2019, Connell, Washington.
                                    Robert E. Johnson. #126696

# EXHIBIT - 4

EXHIBIT - 4

Robert E. Johnson, #126696
Coyote Ridge Correction Center
P.O. Box 769
Connell, WA 99326

July 29, 2019

John C. Dittman, Asst. Atty. Gen.
1116 West Riverside Ave., Suite 100
Spokane, WA 99201-1106

RE:  Case No. Johnson v. Morgan et al,3:16-cv-05738-BHS-TLF

Dear Mr. Dittman:

I am writing this letter regarding my filing fee debts. I am the
prevailing party under Case No. C16-05738-BHS, which is $345.77. DOC is
responsible to pay this filing fee. Please notify CRCC's Banking not to
deduce any money under  Case No. C16-05738-BHS from the $10,000. coming
to my trust account, or do I have to obtain this filing fee debt
verified from Washington District Court by motions?

If I don't hear anything from you regarding the filing fee obligation of
the non-prevailing party and CRCC Banking deduce 60% rather than 40% I
will contact the Court. I prevailed summary judgment, therefore my
filing fee debt is $630.48 rather than $976.25. Please let CRCC's
Banking know what my filing fees are.

Mr. Dittman, my next question, will the $10,000. be in account before
August 8th? This is important.

Please take care of yourself, I thank you in advance for your
cooperation in making this matter right.

                              Very truly yours,
                              Robert E. Johnson
                              ROBERT E. JOHNSON


cc:  files

CERTIFICATE OF SERVICE

Notice of Electronic Filing:

On the date below, I caused the electronically filed PLAINTIFF'S MOTION FOR JUDICIAL RELIEF FOR BREACH OF SETTLEMENT AGREEMENT AND SANCTIONS with the Clerk of the United States District Court for the Western District of Washington, at Tacoma using the CM/ECF system and I hereby certify that I have used the CM/ECF for the Court to serve the following Defendants' Counsel:

John C. Dittman: johnD2@atg.wa.gov

Plaintiff Robert Earle Johnson: doccrccinmatefederal@DOC1.WA.GOV

Case Name: Johnson v. Morgan et al.

Case Number: 3:16-cv-05738-BHS-TLF

I declare under penalty of perjury and under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 29th day of August 2019, at Connell, WA

Robert E. Johnson, #126696
Coyote Ridge Correction Center
1301 N. Ephrata Ave.
P.O. Box 769
Connell, WA 99326